UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLEVELAND EUGENE RATCLIFF, | § | |
| No. 1100584, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | NO. 3:05-CV-0456-H |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case: This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

    Parties: Petitioner Cleveland Eugene Ratcliff ("Ratcliff" or "Petitioner") is confined at the Allred Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Iowa Park, Texas. Respondent is the Director of the TDCJ-CID.

    Statement of the Case: On January 3, 2001, after having previously entered guilty pleas in cause number F00-55318-KL to the offense of aggravated robbery and in cause number F00-55319-KL to the offense of possession of cocaine, the trial court deferred findings of guilt and

1

placed Ratcliff on terms of deferred probation for a period of five years for the possession of a cocaine offense and ten years for the aggravated robbery offense. As a condition of probation, the court ordered Petitioner to serve a term of confinement and treatment of no more than one year in a Substance Abuse Felony Punishment Facility ("SAFPF").

On August 24, 2001, with the consent of Petitioner, the court entered orders modifying the previously imposed conditions of community supervision in each case, requiring Ratcliff to again participate in an SAFPF program.[1] Thereafter, on May 7, 2002, Petitioner pled true to the allegation that he had violated his community supervision by failing to complete his second term in the SAFPF program. The trial court adjudicated Ratcliff guilty of aggravated robbery and possession of cocaine and sentenced him to terms of forty years and ten years imprisonment, respectively.

Petitioner appealed his sentences to the Fifth District Court of Appeals and on May 28, 2003, the court affirmed the trial court's judgments. *Ratcliff v. State*, Nos. 05-02-00857-CR and 05-02-00858-CR (Tex. App. - Dallas May 28, 2003). Ratcliff did not file petitions for discretionary review.

On November 6, 2003, pursuant to Texas Code of Criminal Procedure article 11.07, Ratcliff filed a habeas application challenging his conviction for possession of a controlled substance. *Ex parte Ratcliff*, Appl. No. 59,407-01 at 2. On May 11, 2004, in a second state habeas application, Ratcliff challenged his conviction for aggravated robbery. *Ex parte Ratcliff*, Appl. No. 59,407-02 at 2. Both applications were denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing on September

---

[1] Under Texas state law, the terms "community supervision" and "probation" are used interchangeably. *See Speth v. State*, 6 S.W.3d 530, 532 n.3 (Tex. Crim. App. 1999).

29, 2004. *Ex parte Ratcliff*, Appl. No. 59,407-01 at cover; *Ex parte Ratcliff*, Appl. No. 59,407-02 at cover. Ratcliff filed a second state habeas application in which he challenged his aggravated robbery conviction on December 8, 2004. *Ex parte Ratcliff*, Appl. No. 59,407-03 at 2. This application was dismissed by the Texas Court of Criminal Appeals on February 2, 2005, pursuant to article 11.07, § 4 as an abuse of the writ. *Ex parte Ratcliff*, Appl. No. 59,407-03 at cover.

Petitioner filed the instant petition on March 2, 2005.[2] On June 15, 2005, Respondent filed his answer contending that the petition is time-barred, that Petitioner failed to exhaust state remedies, and, in the alternative, that Petitioner's claims are without merit. Ratcliff filed his traverse on July 12, 2005.

Findings and Conclusions: Review of Ratcliff's claims is governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") because he filed his § 2254 petition after the effective date of the AEDPA. The petition is thus subject to a one year statute of limitations. § 2244(d)(1). Absent specific circumstances set forth in Sections (d)(1)(B) through (d)(1)(D), this limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The running of the limitations period is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

---

[2] Under the "mailbox rule," a prisoner's federal habeas corpus petition is deemed filed when he delivers it to prison officials for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Ratcliff signed his federal habeas petition on March 2, 2005. It was filed stamped on March 7, 2005. For the purposes of the recommendation, it is assumed that Ratcliff placed his § 2254 petition in the prison mail system on the date he signed his petition.

When a petition is filed within the limitations period, the AEDPA, in pertinent part, provides that a federal court cannot grant relief under § 2254 of the act unless the adjudication of a state prisoner's claim in the state court system, "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C § 2254(d)(1)-(2) (1996). Findings of fact made by a state court are presumed to be correct absent clear and convincing evidence rebutting the presumption. § 2254(e)(1). Where a petitioner challenges a state court's application of federal law under § 2254(d)(1), the petitioner must also show that the state court's decision was not only erroneous, but objectively unreasonable. *See Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S. Ct. 1, 4 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 409, 120 S. Ct. 1495, 1521 (2000)); *see also Morrow v. Dretke*, 367 F.3d 309, 313 (5th Cir. 2004) ("[F]ederal habeas relief is only merited where the state court decision is both incorrect and objectively unreasonable.").

Petitioner raises three substantive grounds of error in his petition, each with numerous subparts. He argues that: (1) he was denied the effective assistance of counsel at the time he pled guilty and when his probation was revoked, (2) he was denied the effective assistance of counsel on appeal, and (3) his due process rights were violated at his second probation revocation hearing which resulted in the imposition of terms of imprisonment.

**Denial of Effective Assistance of Counsel at Trial**

In ground one of his petition, Ratcliff contends that he received ineffective assistance of counsel at trial because his counsel: (1) failed to inform Petitioner of any plea agreements, (2) suggested to Ratcliff that he enter an "open" plea but did not explain to Ratcliff that he was eligible only for deferred adjudication and not probation, and (3) failed to explain to Petitioner that, by entering an open plea, Petitioner could be sentenced to any amount of punishment within the punishment range.

Relief on his first ground is time-barred because he failed to file his federal petition within the one year limitations period set forth in § 2244 of the AEDPA. The United States Court of Appeals for the Fifth Circuit recently held that an order placing a defendant on deferred adjudication is a final judgment for purposes of § 2244 of the AEDPA. *See Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005). This holding applies to instances where "a petitioner challenges substantive issues relating to an original order of deferred adjudication probation." *Id.* at 530 n.24. Ratcliff's claims in ground one are governed by *Caldwell* because they relate to the performance of counsel during the plea process that resulted in Ratcliff being placed on deferred adjudication probation.

Ratcliff was placed on probation on January 3, 2001. Under Texas law, he had 30 days from the date the sentence was imposed to file a notice of appeal. Tex. R. App. P. 26.2(a)(1); *see also Caldwell*, 429 F.3d at 530 n.22. However, Ratcliff did not appeal either deferred adjudication order. Accordingly, Ratcliff's sentences became final for purposes of section 2244(d)(1)(A) on February 2, 2001, 30 days after the deferred adjudication orders were entered. Because Ratcliff sought no state habeas relief during this one year time period, the limitations

5

period for his claims in ground one expired one year later on February 4, 2002.[3] Ratcliff did not file his federal habeas petition until March 2, 2005,[4] well beyond the one year limitations period.

Notwithstanding the untimeliness of Ratcliff's federal petition, the limitations period may be equitably tolled under "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S. Ct. 1474 (1999). A "garden variety claim of excusable neglect does not support equitable tolling." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564 (2000) (quoting *Rashidi v. Amer. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). However, Ratcliff has not identified any circumstances that might warrant equitable tolling regarding his claims in ground one. His status as a *pro se* petitioner, by itself, does not excuse his delay in filing his federal petition. *See Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir 2002), *cert. denied*, 538 U.S. 947, 123 S. Ct. 1621 (2003) (incorrect interpretation of ADEPA filing deadlines by incarcerated *pro se* prisoner did not warrant equitable tolling); *see also Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035, 121 S. Ct. 622 (2000) (noting that proceeding *pro se* is not an "exceptional circumstance" that requires equitable tolling). Therefore, the claims asserted in ground one are time-barred.

**Denial of Effective Assistance of Counsel on Appeal**

In ground two of his petition, Ratcliff alleges that he was denied the effective assistance of counsel on appeal. According to Ratcliff, counsel's appellate brief should have included

---

[3] The one year limitations period expired on February 2, 2002. However, because that date fell on a Saturday, the limitations period was extended to the following Monday, February 4, 2002. *See* Fed. R. Civ. P. 6(a); *Flanagan v. Johnson*, 154 F.3d 196, 200-01 (5th Cir. 1998).

[4] *See* note 1, *supra*.

points of error that addressed defects in the probation revocation process.

The state trial court reviewed these same contentions in Ratcliff's first 11.07 application and determined that Ratcliff was not denied his right to effective assistance of counsel on appeal because his appellate counsel "exercised all of the skill and expertise which one could reasonably expect of an attorney and that [Ratcliff] was in no way denied his right to effective assistance of counsel...on appeal." *Ex parte Ratcliff*, Appl. No. 59,407-01 at 45 (Trial Ct.'s Findings of Fact and Conclusions of Law). The Texas Court of Criminal Appeals accepted the findings of fact and conclusions of law of the trial court. *Ex parte Ratcliff*, Appl. No. 59,407-01 at cover.

A criminal defendant has a constitutional right to receive effective assistance of counsel on direct appeal. *See*, *e.g.*, *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). Where a federal habeas corpus petitioner alleges that his attorney failed to brief non-frivolous issues on appeal, the standards set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), govern the court's examination of appellate counsel's conduct. *See Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746, 764 (2000). There is a strong presumption that an attorney's conduct falls within the broad range of reasonable professional assistance required under the Sixth Amendment. *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. To overcome this presumption a habeas petitioner must establish that: (1) the attorney's conduct was constitutionally deficient (causation) and (2) but for such unprofessional errors, the result probably would have been different (prejudice). *Id.* at 687-88, 694, 104 S. Ct. at 2064, 2068.

Failure to prove either prong of the two-part test forecloses relief. *Id.* at 697, 104 S. Ct. at 2069.

In the context of an appeal, counsel "is not deficient for not raising every non-frivolous issue on appeal." *Phillips*, 210 F.3d at 348. Instead, only if counsel's decision is objectively unreasonable will his representation be deemed deficient. *Id*. Accordingly, a reasonable appellate attorney researches relevant facts and law and either discovers and brings to the court's attention "solid, meritorious arguments based on directly controlling precedent" or "make[s] an informed decision that certain avenues will not prove fruitful." *United States v. Williamson*, 183 F.3d 458, 462-463 (5th Cir. 1999).

In Texas, where a court has deferred the adjudication of guilt and placed a criminal defendant on probation, the law provides a defendant the right to directly appeal any alleged errors related to the original proceeding where probation was imposed. *See Manuel v. State*, 994 S.W.2d 658, 661 -662 (Tex. Crim. App. 1999). However, such appeal must be taken at the time the probation order is entered, rather than after it is revoked. *Id.*; *see also United States v. Valentine*, 401 F.3d 609, 616 (5th Cir. 2005), *cert. denied*, 125 S. Ct. 2905 (2005) (citing *Manuel*). Once the State has moved to adjudicate guilt, no appeal may be taken from the trial court's determination to adjudicate guilt, unless the appeal challenges the jurisdiction of the court. *See Phynes v. State* 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); *see also* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b).

Ratcliff argues that his appellate counsel was ineffective because he did not raise the following issues: (1) Petitioner received a determined rather than an open-ended sentence to SAFPF, (2) Petitioner did not receive a preliminary hearing after he was arrested for violating his

probation, (3) Petitioner's revocation hearing was held too soon after he was arrested, and therefore, he did not have time to prepare to call witnesses and present documentary evidence at the revocation hearing, and (4) Petitioner's probation was improperly revoked.[5]

Points of error challenging the terms of Ratcliff's probation would have been futile as grounds for reversing his sentences because they could have been directly appealed only from the orders in which they were imposed, not in the context of judgments revoking the same. *See Manuel*, 994 S.W.2d at 661-62. Likewise, because Texas law prohibited Petitioner from appealing the court's determination to adjudicate guilt, Henrichs had no basis to challenge the manner in which guilt was adjudicated. *See Phynes*, 828 S.W.2d at 2. Thus, Ratcliff's points of error regarding the court's failure to hold a preliminary hearing, the court's failure to afford Petitioner a sufficient amount of time to prepare for the adjudication hearing, and the court's decision to adjudicate guilt could not have been raised on appeal. *See Phynes*, 828 S.W.2d at 2. Additionally, as noted above, Petitioner pled "true" to having violated conditions of his terms of probation. Also, he preserved no claim objecting to the timing of his revocation hearing or in seeking additional time to present witnesses at the hearing.

Finally, he has failed to show that the decision of the Texas Court of Criminal Appeals satisfied the requirements of either § 2254(d)(1) or (d)(2). As reflected in the record, Ratcliff's appellate counsel presented a substantial, though unsuccessful, point of error on appeal. Accordingly, he is not entitled to relief on his second ground.

---

[5] Respondent argues that Petitioner failed to exhaust his claim that appellate counsel erred by not addressing the allegedly improper revocation of Ratcliff's probation. However, the record shows that Petitioner raised this issue in his first 11.07 application. *Ex parte Ratcliff*, Appl. No. 59,407-01 at 17 ("Also had Mr. Henrichs brought up the fact that applicant had been held past the 6 months that the court originally ordered applicant may have been given relief on his direct appeal").

**Denial of Due Process at the Probation Revocation Hearing**

Petitioner argues that he was denied due process at his revocation hearing because: (1) he was denied a preliminary hearing to determine if there was probable cause to believe that he had violated a condition of his probation, (2) he was denied adequate time to prepare for the adjudication hearing and therefore, was effectively prohibited from calling witnesses and presenting documentary evidence, (3) he was denied the effective assistance of counsel at the hearing, and (4) he did not receive a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation.  In this ground, Ratcliff reiterates several of the claims set out in ground two.  Federal constitutional standards, rather than state standards, apply to these due process claims.

In *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S. Ct. 2593, 2604 (1972), the United States Supreme Court enumerated six minimum due process rights to which a probationer facing revocation was entitled.  However, the rights are substantially curtailed, if not rendered unnecessary, when the probationer had admitted the violation on which the motion to revoke was based.  *Id.* at 490, 92 S. Ct. at 2605; *see also United States v. Holland*, 850 F.2d 1048, 1050-51 (5th Cir. 1998) (noting that when a violation is admitted the *Morrissey* safeguards are unnecessary, although a probationer is still entitled to present evidence in mitigation of punishment or to suggest that the probation should not be revoked).

Ratcliff first argues that the State violated due process by failing to provide him with a preliminary hearing.  However, there is no *per se* requirement that a probationer be afforded a preliminary hearing before his probation is revoked; instead, he need only be afforded a "full evidentiary hearing, with counsel present before the revocation bec[omes] final."  *Collins v.*

10

*Turner*, 599 F.2d 657, 658 (5th Cir. 1979); *see also Whisenant v. State*, 557 S.W.2d 102, 104-05 (Tex. Crim. App. 1977). The record demonstrates that he was not precluded from calling any witnesses at the revocation hearing. (Rep.'s R. v.1 at 11-31.) Thus, the hearing comported with due process.

In his second argument, Ratcliff raises a point of error related to the time frame in which his probation revocation hearing was held.[6] However, this claim does not find merit under either federal or state law.[7] Moreover, Ratcliff, presents no evidence to demonstrate that he was harmed by the admittedly short preparation period. Although he claims that the short interval deprived him of the ability to present documents and witnesses located in Ft. Bend County, Texas, he fails to identify the substance of such evidence or how it would have been relevant to the issue of punishment. Such conclusory allegations fail to raise a cognizable constitutional claim. *See, e.g., Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

Petitioner also alleges that he was denied due process at the revocation hearing because his appointed attorney, King Solomon ("Solomon"), provided ineffective assistance.[8] He argues that counsel was ineffective because he was appointed only twelve minutes before the revocation

---

[6] Ratcliff alleges that only five days passed between the date he was arrested and the date of his probation revocation hearing. While the record does not indicate Petitioner's arrest date, it does indicate that Ratcliff received formal notice of the State's Motion to Adjudicate one day before his hearing. (Clerk's R. for F00-55318-KL v.1 at 35-36.) The record also indicates that he was appointed counsel on the same day he received formal notice. (Clerk's R. for F00-55318-KL v.1 at 28.)

[7] Indeed, at least one federal court has found that the requirements of due process were not violated where a probationer was arrested on a Friday and his probation was revoked at a hearing held the following Monday. *See United States v. Smith*, 982 F.2d 757, 763 (2d Cir. 1992).

[8] Respondent argues that Petitioner failed to exhaust his due process claim regarding the ineffectiveness of counsel at the probation revocation hearing. However, the record shows that Petitioner raised this issue in his second 11.07 application. *Ex parte Ratcliff*, Appl. No. 59,407-02 at 13 ("Further, due process requirements were violated when...counsel at the proceeding was appointed the same day as the revocation hearing").

11

hearing, and should have requested a continuance so that he could familiarize himself with the record, gather evidence, and interview witnesses to present at the revocation hearing.

A probationer is entitled to the effective assistance of counsel at a probation revocation hearing. *Mempa v. Rhay,* 389 U.S. 128, 137, 88 S. Ct. 254, 258 (1967), *accord Kirtley v. State*, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001). A review of the attorney's conduct is governed by the standards set out in *Strickland*. 466 U.S. at 687-88, 694, 104 S. Ct. at 2064, 2068. Where the alleged ineffectiveness is attributed to counsel's late appointment to the case, courts examine the circumstances of each case "to determine what constitutes a reasonable amount of time in which to prepare a case." *Chambers v. Maroney*, 399 U.S. 42, 54, 90 S. Ct. 1975, 1982-83 (1970).

Petitioner's claim is wholly without merit. The record indicates that Solomon was appointed one day–not twelve minutes–before the revocation hearing. (Clerk's R. for F00-55318-KL v.1 at 28.) Moreover, the record demonstrates the Solomon was familiar with Ratcliff and the conditions of his probation, since he had previously been appointed to represent Ratcliff during his first revocation hearing in August of 2001. (Clerk's R. for F00-55318-KL v.1 at 3, 26-27.) Thus, nothing in the record demonstrates that one day was not an adequate amount of time for Solomon to prepare for a probation revocation hearing. Insofar as Ratcliff claims that Solomon did not adequately investigate the case or present testimony and documents at the revocation hearing, this assertion is equally lacking in merit. As noted above, this claim is wholly conclusory. Moreover, in order to establish ineffective assistance, Petitioner has the burden of demonstrating the availability and substance of that which could have been offered relating to the issue of punishment. *See, e.g., Alexander v. McCotter*, 775 F.2d 595, 602 (5th

Cir. 1995). As with his claim attacking appellate representation, Ratcliff has failed to prove that the Texas court's rejection of his ineffective assistance of counsel claim leveled against his trial attorney satisfied the requirements of § 2254(d)(1) or (2).

In his final argument, Petitioner states that he did not receive a written statement detailing the evidence the judge presiding at his hearing relied on and his reasons for revoking probation.
The trial court orally stated in the record its findings with respect to the reasons for revoking Ratcliff's probated sentences. (Rep.'s R. v.1 at 30.) Texas state law upholds orders of revocation even though findings and conclusions are not recited therein when no request for such findings is made. *King v. State,* 649 S.W.2d 42, 46 (Tex. Crim. App. 1983). Ratcliff has failed to demonstrate how the absence of written findings impeded his ability to effect his direct appeal. Moreover, as noted above, his plea of true to the alleged violations of his terms of probation made compliance with the procedural safeguards enumerated in *Morrisey v. Brewer*, *supra*, unnecessary.

Particularly in light of the Fifth Circuit's opinion in *United States v. Holland*, *supra*, Ratcliff cannot show that the Texas court's rejection of his due process claims satisfied the required showings under § 2254(d)(1) or (2).

13

RECOMMENDATION:

For the foregoing reasons it is recommended that the district court deny the petition because the claims asserted in ground one are time-barred and the claims raised in grounds two and three are without merit.

A copy of this recommendation shall be transmitted to the Petitioner and to counsel for Respondent.

Signed this 3rd day of January, 2006

*Wm. F. Sanderson, Jr.*
Wm. F. Sanderson, Jr.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.